ORIGINAL

FILED
DISTRICT COURT OF GUAM
FEB 24 2005
MARY L.M. MORAN
CLERK OF COURT

CWong.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00003 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| CHI WAH WONG, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, CHI WAH WONG, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of a Superseding Indictment charging him with Alien Smuggling in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

2(a) The defendant, CHI WAH WONG, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of alien smuggling and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which she is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials

in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3. The defendant, CHI WAH WONG, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in alien smuggling activities and his knowledge of others' involvement in such activities.

//

-2-

Case 1:05-cr-00003   Document 11   Filed 02/24/2005   Page 2 of 7

Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4(a) The defendant, CHI WAH WONG, understands that the <u>maximum</u> sentence for Alien Smuggling in violation of Title 8, U.S.C. § 1324(a)(2)(B)(ii), is a term of ten (10) years imprisonment, with a mandatory minimum term of three (3) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

4(b) If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the statutory minimum, or the minimum term of incarceration recommended by the advisory Sentencing Guidelines, whichever is greater.

4(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever advisory guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney,

-3-

defendant has provided "substantial assistance" which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    (3) the nature and extent of defendant's assistance;

    (4) any injuries suffered or any danger or risk of injury to defendant or her family resulting from any assistance provided by defendant; and

    (5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

4(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Alien Smuggling as charged pursuant to 8 U.S.C. § 1324(a)(2)(B)(ii), the government must prove each of the following elements beyond a reasonable doubt:

    <u>First</u>: the defendant brought an alien to the United States;

    <u>Second</u>: the defendant knew that the person was an alien;

    <u>Third</u>: the defendant knew this alien had not received prior official authorization to come to, enter, or reside in the United States; and

    <u>Fourth</u>: that the defendant did this for the purpose of commercial advantage or private financial gain.

6. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2,

in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1955, and is a citizen of Hong Kong.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) On December 29, 2004, defendant brought an alien, Duan Li, to the Guam International Airport. Defendant knew that Duan Li was a citizen of the People's Republic of China, and that he had not received prior official authorization to come to, enter, or reside in the United States. The defendant was to be paid for his services. The defendant accompanied alien Duan Li to Guam from Palau and elsewhere, assisting alien Duan Li with his travel documents and the entry forms for Guam.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the advisory Sentencing Guidelines. The Court is not bound by the Sentencing Guidelines, but will consult the Guidelines and take them into account a sentencing. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other

-5-

1 | prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has
2 | had sufficient opportunity to reflect upon, and understands the following:

    (a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    (b) His right to be represented by an attorney;

    (c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

    (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    (g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    (h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

//
//
//
//
//

-7-

(i) That this plea agreement has been translated into his native language, and he fully understands it.

DATED: 2/18/05

_____
CHI WAH WONG
Defendant

DATED: 2/18/05

_____
JOHN T. GORMAN
Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 2/23/05        By: _____
FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 2-23-05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

-8-